On respondents' petition for rehearing filed May 5,
petition denied May 23, 1978
See also 282 Or 61, 577 P2d 1322

WILSON, *Respondent,*
*v.*
PIPER AIRCRAFT CORPORATION, *Appellant.*
(TC 72 4267, SC 24703)

MacDONALD, *Respondent,*
*v.*
PIPER AIRCRAFT CORPORATION, *Appellant.*
(TC 72 4281, SC 24704)
579 P2d 1287

Martin Schedler, David W. Harper, Robert B. Hopkins, and Keane, Harper, Pearlman and Copeland, Portland, for the petition.

Grant T. Anderson, William B. Crow, and Miller, Anderson, Nash, Yerke & Weiner, Portland, contra.

[ 411 ]

## HOLMAN, J.

In our original opinion in this products liability case we held that a prima facie case of design defect must include evidence which would permit a finding that a safer design would have been practicable. We pointed out that we had not found any cases in which this aspect of plaintiffs' prima facie case had been carefully considered. Plaintiffs' petition for rehearing brings to our attention a recent decision of the California Supreme Court which holds that a plaintiff's case is sufficient if it shows an injury caused by the defendant's design. Defendant then has the burden of proving that the product was not defective, that is, that the benefits of the challenged design feature outweighed its dangers. *Barker v. Lull Engineering Co., Inc.,* 20 Cal3d 413, 143 Cal Rptr 225, 573 P2d 443 (1978). We have considered that decision and do not find it persuasive.

In recent years California's law of products liability and our own have developed along different lines. We regard the *Barker* decision as additional evidence of those differences. Under that decision it appears that a design defect case will always go to the jury if only the plaintiff can show that the product caused the injury. In this jurisdiction, however, it is part of a plaintiff's case to show that a product which caused an injury was dangerously defective. We are satisfied that the position taken in our original opinion was correct.

The other points raised in the petition do not require discussion. The petition for rehearing is denied.